**Electronically Filed
Intermediate Court of Appeals
CAAP-23-0000713
13-JAN-2026
07:50 AM
Dkt. 42 SO**

NO. CAAP-23-0000713

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

TIFFANY S. IWAMOTO, Successor Co-Trustee of the Alfred Pogtis, Jr., and Carman C. Pogtis Joint Revocable Trust, Plaintiff-Appellee, v. WILLIAM MEDEIROS, JR., Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
WAIʻANAE DIVISION
(CIVIL NO. 1DRC-23-0003016)

SUMMARY DISPOSITION ORDER
(By: Leonard, Presiding Judge, Wadsworth and Guidry, JJ.)

Self-represented Defendant-Appellant William K. Medeiros, Jr., (**Medeiros**) appeals from the Writ of Possession (**Writ**) and the Judgment for Possession (**Judgment**), both entered on November 13, 2023, by the District Court of the First Circuit, Waiʻanae Division (**District Court**),[1] in favor of Plaintiff-Appellee, Tiffany S. Iwamoto, Successor Co-Trustee of the Alfred Pogtis, Jr., and Carman C. Pogtis Joint Revocable Trust dated April 15, 2022 (**Iwamoto**). This appeal concerns certain real property located on Waiʻanae Valley Road in Waiʻanae, Hawaiʻi (the **Property**).

---

[1] The Honorable Shellie K. Park-Hoapili entered the Writ and Judgment; the Honorable Summer M.M. Kupau-Odo presided at trial.

As a preliminary matter, we note that the Opening Brief fails to comply with Hawaiʻi Rules of Appellate Procedure (**HRAP**) Rule 28(b)(4) & (7) and we recognize Iwamoto's argument that the deficiencies should result in dismissal of this appeal.  However, Hawaiʻi courts have "consistently adhered to the policy of affording litigants the opportunity 'to have their cases heard on the merits, where possible.'"  Morgan v. Plan. Dep't, Cnty. of Kauaʻi, 104 Hawaiʻi 173, 180-81, 86 P.3d 982, 989-990 (2004) (quoting O'Connor v. Diocese of Honolulu, 77 Hawaiʻi 383, 386, 885 P.2d 361, 364 (1994)).  Thus, we will consider the merits of Medeiros's appeal, to the extent discernible.

Medeiros identifies four points of error on appeal, contending that the District Court erred in:  (1) proceeding to ejectment without proof that Iwamoto had standing; (2) concluding that there was no issue of title; (3) not allowing Medeiros's brother Don Pogtis (**Don**) to "enter the complaint for ejectment"; and (4) not sending the case "back to the Probate Court for further proceedings, upon receiving the Last Will and Testament of Mildred Pogtis" (**Mildred's Will**).  The second issue is dispositive.

The key facts are as follows.  On May 12, 2023, Iwamoto filed a complaint in the District Court, which included three counts:  (1) summary possession; (2) assumpsit; and (3) damages.  Medeiros filed an answer denying Iwamoto's right to summary possession and, *inter alia*, claiming to be an "undivided interest owner" of the Property.

On July 10, 2023, Don, also self-represented, filed an "Ex Parte Motion of Position Statement for Ejectment of William

Medeiros, Jr., filed May 12, 2023."  While "not a name party" to the Complaint, Don sought "to protect" Medeiros from eviction, stating that Iwamoto held no ownership interest in the Property. Attached to Don's "motion" was a signed "Declaration of Don Pogtis Sr.", declaring that Medeiros "is my brother and a son of Mildred[.]"  Don attached copies of the Will of Alfred Pogtis, Sr. (**Alfred, Sr.**) and Mildred's Will.

On August 12, 2023, Iwamoto filed "Plaintiff's Submission that Title Is Not in Issue" (**Iwamoto's Title Submission**), arguing that Medeiros's "claim that title is in issue is NOT warranted."

On August 14, 2023, Don filed "Defendant Don Pogtis, Sr. Motion in Support of William Kalani Medeiros Jr., Position Statement in Compliance to [District Court Rules of Civil Procedure (**DCRCP**)] Rule 12.1 and (h) Defense of Title."  Don referred to himself as a "Defendant" and his siblings as "Potential Parties of Interest" in the Property.  Don further alleged that Iwamoto "failed to service [sic] notice" to him.

On August 21, 2023, Medeiros filed "William Medeiros Jr., Position Statement in Compliance to DCRCP Rule 12.1 and (h) Defense of Title" (**Rule 12.1 Motion**).  The motion identified Alfred, Sr., as having bequeathed the Property to Mildred, who in turn bequeathed the Property to Alfred Pogtis, Jr. (**Alfred, Jr.**) "and not to his heirs."  Medeiros contended that he and Don stood to inherit according to the terms of Mildred's Will.  Attached to the Rule 12.1 Motion was a "Declaration of William Medeiros" (**Rule 12.1 Declaration**) submitted "under the law of perjury," attaching and identifying Alfred, Sr.'s death certificate, along

3

with Alfred, Sr. and Mildred's Wills. Medeiros signed with "/s/" above his typed name.

In opposition to the Rule 12.1 Motion, Iwamoto argued that the Rule 12.1 Motion and Rule 12.1 Declaration were not sufficient to comply with DCRCP 12.1, and did not provide the court with "particulars to fully apprise the court of the nature of [Medeiros's] claim." Iwamoto further argued that Medeiros misinterpreted Mildred's Will, Mildred had intended to bequeath the Property to Alfred, Jr. only, and thus title was not in issue.

Hawaii Revised Statutes (**HRS**) § 604-5(d) (2016) provides in part: "The district courts shall not have cognizance of real action, nor actions in which the title to real estate comes in question[.]"

> DCRCP Rule 12.1 states:
>
> **Rule 12.1. DEFENSE OF TITLE IN DISTRICT COURTS.**
>      **Pleadings.** Whenever, in the district court, in defense of an action in the nature of an action of trespass or for the summary possession of land, or any other action, the defendant shall seek to interpose a defense to the jurisdiction to the effect that the action is a real action, or one in which the title to real estate is involved, such defense shall be asserted by a written answer or written motion, which shall not be received by the court unless accompanied by an affidavit of the defendant, setting forth the source, nature and extent of the title claimed by defendant to the land in question, and such further particulars as shall fully apprise the court of the nature of defendant's claim.

Read together, the Rule 12.1 Motion and Rule 12.1 Declaration set forth the source of Medeiros's claim of title as Mildred's Will, the nature of the claim as, in essence, that Alfred Jr. only received a life estate, and the extent of title claimed as an undivided interest in the Property with Don. Regardless of the ultimate strength or weakness of Medeiros's claim to title, we conclude that he sufficiently raised the

4

claim, thus depriving the District Court of jurisdiction pursuant to HRS § 604-5.  Accordingly, and based on the entire record before us, we further conclude that the District Court erred in entering judgment against Medeiros.  In light of this conclusion, we need not reach Medeiros's other arguments.

For the foregoing reasons, the District Court's November 13, 2023 Writ of Possession and the Judgment for Possession are vacated.  This case is remanded to the District Court for further proceedings consistent with this Summary Disposition Order, *e.g.*, a voluntary dismissal or a *sua sponte* dismissal by the District Court.  See <u>Captain Andy's Sailing, Inc. v. Dep't of Land and Nat. Res.</u>, 113 Hawaiʻi 184, 194, 150 P.3d 833, 843 (2006).

DATED:  Honolulu, Hawaiʻi, January 13, 2026.

On the briefs:

William Medeiros,
Defendant-Appellant, pro se.

Ronald T. Ogomori,
Maria A. Carmichael
(Ronald T. Ogomori, AAL ALC),
for Plaintiff-Appellee.

/s/ Katherine G. Leonard
Presiding Judge

/s/ Clyde J. Wadsworth
Associate Judge

/s/ Kimberly T. Guidry
Associate Judge